UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) |
| | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No. 1:25-cv-00212-JAW |
| DARREN LAPOINTE, | ) |
| | ) |
| And | ) |
| | ) |
| AMANDA GIST, | ) |
| | ) |
| | ) |
| DEFENDANTS | ) |

**ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIM, AND REQUEST FOR
MEDIATION
TITLE 14, M.R.S.A., SECTION 6321-A
AND
NOTICE
TITLE 14, M.R.S.A, SECTION 6322-A
(REAL ESTATE)**

Now comes the Defendant, Darren LaPointe (hereinafter LaPointe), by and through his attorney, and Answers the Plaintiff's, United States Department of Agriculture (hereinafter USDA), Complaint by first asserting the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

USDA's Complaint does not state a claim upon which relief can be granted under Rule 12(b)(6) of the Maine Rules of Civil Procedure and must, therefore, be dismissed, Judgment for LaPointe, and for his costs.

**SECOND AFFIRMATIVE DEFENSE**

LaPointe avers that the principal sum claimed by USDA may not be computed by the Exhibits incorporated into USDA's Complaint and, therefore, USDA's Complaint fails to state a cause of action upon which relief can be granted, and must, therefore, be dismissed, Judgment for LaPointe, and for his costs.

## THIRD AFFIRMATIVE DEFENSE

LaPointe pleads payment; USDA's Complaint must therefore, be dismissed, Judgment for LaPointe, and for his costs.

## FOURTH AFFIRMATIVE DEFENSE

USDA's prior breach of its duties under the Contract sued upon suspended LaPointe's obligations thereunder; its Complaint must therefore be dismissed, Judgment for LaPointe, and for his costs.

## FIFTH AFFIRMATIVE DEFENSE

USDA's Complaint fails to state a claim upon which relief can be granted by reason of USDA's failure, inter alia, to plead compliance with all conditions precedent, viz, good faith and proper accelerations of the underlying indebtedness; and must therefore, be dismissed, Judgment for LaPointe, and for his costs.

## SIXTH AFFIRMATIVE DEFENSE

USDA's Complaint is barred by a failure to conform with the provisions of Title 14, Maine Revised Statutes Annotated, Section 6111 (Notice of Mortgagor's Right to Cure), and must, therefore, be dismissed, Judgment for LaPointe, and for his costs.

## SEVENTH AFFIRMATIVE DEFENSE

USDA's Complaint is barred by a failure to conform with the provisions of Title 15, United States Code, Section 1639 (Home Ownership and Equity Protection Act) and must, therefore, be dismissed, Judgment for LaPointe, and for his costs.

## EIGHTH AFFIRMATIVE DEFENSE

USDA's Complaint is barred by a failure to conform with the provisions of Title 15, United States Code, Section 1601, et seq. ("TILA") (Truth in Lending Act), and must, therefore, be dismissed, Judgment for LaPointe, and for his costs.

## NINTH DEFENSE

Failure to conform with the case law as outlined in *Bank of America, N.A. v. Scott A. Greenleaf et.al.*, 2014 ME 89, at pages 10, 11, and 12.

## TENTH DEFENSE

Failure to conform with the provisions of Rule 56(e) of the Maine Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

USDA's Complaint is barred by a failure to conform with the provisions of Title 12, United States Code, Section 2603 (Uniform Settlement Statement) and must, therefore, be dismissed, Judgment for LaPointe, and for his costs.

## TWELFTH AFFIRMATIVE DEFENSE

Failure to conform with the provisions of Title 14, Maine Revised Statutes Annotated, Section 6321. (The mortgagee shall certify proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage.)

## THIRTEENTH AFFIRMATIVE DEFENSE

Failure to conform with the provisions of Title 9-A, Maine Revised Statutes Annotated, Section 3-311 (Denial of consumers choice of attorney).

## FOURTEENTH DEFENSE

Lack of Standing

## FIFTEENTH DEFENSE

Lack of Jurisdiction

## SIXTEENTH DEFENSE

The validity of the signature is denied (Title 11, Maine Revised Statutes Annotated, Section 3-1308).

## ANSWER

Now comes LaPointe, by and through his attorney, and without waiving his Affirmative Defenses, answers as follows:

## JURISDICTION AND VENUE

1. LaPointe admits the allegations contained in Paragraphs 1, and 2 of USDA's Complaint.

## PARTIES

2. LaPointe reasserts in answer to Parties, each and every Answer set forth in Jurisdiction and Venue of this Answer.

3. LaPointe admits the allegations contained in Paragraphs 3, and 5 of USDA's Complaint.

PATRICK E. HUNT, P.A. – Attorney at Law
P.O. Box 130 – Island Falls, Maine 04747 – TEL. (207) 463-2285 or (207) 463-2939– FAX (207) 463-2226 – Email: pat@patrickehuntpa.com

4. LaPointe denies the allegations contained in Paragraph 4 of USDA's Complaint, as he is without knowledge or information sufficient to form a belief as to the truth or falsity of said allegations.

## FACTS

5. LaPointe reasserts in answer to Facts, each and every Answer set forth in Parties of this Answer.

6. LaPointe admits the allegations contained in Paragraphs 6, 7, and 8 of USDA's Complaint.

## FORECLOSURE OF MORTGAGE
## PURSUANT TO 14, M.R.S.A., SECTIONS 6321-6326

7. LaPointe reasserts in answer to Foreclosure of Mortgage, each and every Answer set forth in Facts of this Answer.

8. LaPointe denies the allegations contained in Paragraphs 9, 10, 11, 12, 13, 14, 15, and 16 of USDA's Complaint.

WHEREFORE, LaPointe prays that USDA's Complaint be dismissed, and in the alternative, prays that the Court determines the order of priority and amounts due to any party claiming an interest in the subject premises, and enters a Judgment of Foreclosure and Sale as the Court may deem appropriate.

## REQUEST FOR MEDIATION
## Title 14, M.R.S.A., Section 6321-A

Now comes LaPointe, by and through his attorney, and without waiving his Affirmative Defenses, Answer, and Counterclaim, request that this case be scheduled for Mediation, pursuant to the provisions of Title 14, Maine Revised Statutes Annotated, Section 6321-A.

## NOTICE
## Title 14, Maine Revised Statutes Annotated, Section 6322-A

This real estate is a single-family dwelling

## COUNTERCLAIM

## COUNT I

## Title 9-A, Maine Revised Statutes Annotated, Section 3-311.

## AND

**Maine Unfair Trade Practices Act**
**Title 5, Maine Revised Statutes Annotated, Section 205-A**

9. Now comes LaPointe, by and through his attorney, and counterclaims against USDA as follows:

10. LaPointe, is a natural person, and has a mailing address of 1403 Ludlow Road, County of Aroostook, and State of Maine 04730.

11. The Plaintiff, United States Department of Agriculture, (hereinafter USDA), is a Government Agency, duly organized and existing under the laws of the State of Maine, and based upon information and belief, has a mailing address of Post Office Box 66827, St. Louis, Missouri 63166.

12. At a closing that occurred on or about July 30, 2009, LaPointe was denied his Consumers' choice of attorney in a residential mortgage transaction, pursuant to the provisions of Title 9-A, Maine Revised Statutes Annotated, Section 3-311.

13. On or about April 29, 2025, USDA brought a foreclosure action against LaPointe.

14. USDA has violated the provisions of the consumer's choice of attorney in residential mortgage transaction, Title 9-A, Maine Revised Statutes Annotated, Section 3-311.

15. USDA has also violated the Maine Unfair Trade Practices Act, Title 5, Maine Revised Statutes Annotated, Section 206(3), which states:

> **"Trade and commerce.** "Trade" and "commerce" shall include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value, wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State."

16. Title 5, Maine Revised Statutes Annotated, Section 207 states in part:

> **Unlawful acts and conduct:** Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

17. USDA has engaged in unlawful acts and conduct, as defined by the provisions of Title 5, Maine Revised Statutes Annotated, Section 207.

18. Title 5, Maine Revised Statutes Annotated, Section 213(1) states:

**Court action.** Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper. There is a right to trial by jury in any action brought in Superior Court under this section.

19. LaPointe is entitled to his actual damages, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(1).

20. LaPointe is entitled to restitution, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(1).

21. LaPointe is entitled to his attorney's fees, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(2).

22. LaPointe is entitled to his costs, pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(2).

23. This Counterclaim satisfies the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(1-A).

24. Pursuant to the provisions of Title 5, Maine Revised Statutes Annotated, Section 213(3), the Clerk of Courts of the Penobscot County Superior Court is required to provide a copy of this Pleading to the Attorney General of the State of Maine.

WHEREFORE, LaPointe prays that this honorable Court grants him Judgment against USDA, for:

A. Actual damages: Revised Statutes Annotated, Section 213(1)

As authorized by Title 5, Maine

B. Restitution: Revised Statutes Annotated, Section 213(1)

As authorized by Title 5, Maine

C. His attorney's fees: Revised Statutes Annotated, Section 213(2)

As authorized by Title 5, Maine

D. His costs:

As authorized by Title 5, Maine

Revised Statutes Annotated,
Section 213(2)

E.  Whatever other relief the
Court may deem just and
necessary:

Such as are reasonable in the premises

DATED at Island Falls, Maine, this 22nd day of March, 2026.

Patrick E. Hunt, Esq.
Patrick E. Hunt, P.A.
7 Sherman Street
Post Office Box 130
Island Falls, Maine 04747
(207) 463-2285
(207) 463-2939
Email: pat@patrickehuntpa.com
Maine Bar #2707

Attorney for Darren Lapointe